**Guilherme Maluf PFEIFFER; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–71223.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 18, 2008.*

Filed March 7, 2008.

Daniel J. Roemer, Esq., Law Offices of Daniel Roemer, P.C., Walnut Creek, CA, for Guilherme Maluf Pfeiffer, Renata Leite Machado and Julia Machado Pfeiffer.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Linda S. Wendtland, Esq., Elizabeth J. Stevens, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for John Ashcroft, Attorney General.

Before: NOONAN, W. FLETCHER, and BEA, Circuit Judges.

MEMORANDUM **

Guilherme Maluf Pfeiffer, his wife and his daughter are natives and citizens of

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Brazil. They petition for review of an order by the Board of Immigration Appeals affirming the Immigration Judge's denial of their application for asylum, withholding of removal, and relief under the Convention Against Torture.

We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition. Because the parties are familiar with the facts of this case, we recite them only as necessary.

Pfeiffer testified he was born and grew up in Rio de Janeiro, where his parents and two sisters still live. Pfeiffer stated in his asylum application that in Rio he "enjoyed family status, an easy, comfortable, and dreamlike life." When asked if he ever had a problem while living in Rio, Pfeiffer responded, "Never a problem at a level that was really a problem for me." He did testify that he was mugged once, but it was a random act of violence. He also said the police intimidated him, but he characterized such conduct as just the way the police treat citizens. He and his wife repeatedly made return trips to Rio without incident. He even left his wife and daughter in Rio after they started having problems in the South of Brazil.

Pfeiffer's own testimony that his parents and two sisters now live in Rio under peaceful conditions, and that he, his wife and daughter returned there multiple times to escape problems, belies his perfunctory argument he cannot return to Brazil safely. *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident[.]").

We conclude that petitioners did not establish they were persecuted on account of a protected ground, and we further conclude that petitioners can safely relocate to Rio de Janeiro. Where the government has shown that a petitioner can safely relocate to another part of the petitioner's home country, he is not entitled to asylum, withholding of removal, or relief under the Convention Against Torture. 8 C.F.R. § 1208.13(b)(2)(ii); 8 C.F.R. § 1208.16(b)(2); *see Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Further, we have carefully reviewed the proceedings and we find no evidence that Pfeiffer's due process rights were violated.

**DENIED.**